IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHRISTOPHER GOLDEN                                                                              PLAINTIFF

VERSUS                                                                CIVIL ACTION NO. 5:08cv156-MTP

GABRIEL WALKER, et al.                                                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants' Motion for Summary Judgment [156]. Having reviewed the submission of the parties, the entire record in this case and the applicable law, for the reasons set forth below the court finds that the motion is well-taken and should be granted and that Plaintiff's claims against Defendants in their official capacities should be dismissed with prejudice.[1]

Factual Background

Plaintiff Christopher Golden filed suit *pro se* on March 6, 2008, pursuant to 42 U.S.C. § 1983, against Defendants, corrections officers at Wilkinson County Correctional Facility ("WCCF").[2] As clarified by his sworn testimony at an omnibus hearing held on June 27, 2008,[3] Plaintiff alleges that on or about November 9, 2007, while in the process of transporting him to the infirmary for a medical screening, Defendant Elliot R. Beauchamp, Unit Manager, attacked

---

[1] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [26], the court is authorized to enter final judgment pursuant to 28 U.S.C. § 636 (c)(1), Fed. R. Civ. P. 73 and Local Rule 73.1.

[2] Plaintiff is currently incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi.

[3] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Claims and allegations made at a *Spears* hearing supersede claims alleged in the complaint. *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987); *see also Hurns v. Parker*, 1998 WL 870696, at * 1 (5th Cir. Dec. 2, 1998).

1

him, punched him several times and bit him under the eye, and that after Plaintiff had arrived at the infirmary, the assault continued. Plaintiff claims that Defendant Lawrence Walton, Unit Manager, tackled him and pushed and kicked him; Defendant Ricky Jackson, Chief of Unit Management, slammed him on the floor, kicked him, put his food on his back, and refused to loosen his cuffs; and Defendant Gabriel Walker, Assistant Warden, kicked him.[4] Based on the foregoing, Plaintiff asserts a claim of excessive force in violation of the Eighth Amendment against Defendants in their individual and official capacities.

Defendants moved for summary judgment on Plaintiff's official capacity claims on November 14, 2008 [40].

## Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material

---

[4] By Order [25] dated June 30, 2008, Defendant James Hassell, Chief of Security, was dismissed with prejudice for failure to state a claim.

fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

<u>Analysis</u>

"For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the

3

constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Specifically, Plaintiff must show the existence of a policy, practice or custom "adopted or maintained with objective deliberate indifference to [his] constitutional rights," and he must show that such policy proximately caused the constitutional deprivation of which he complains. *See Grobowski v. Jackson Cty. Public Defenders Office*, 79 F.3d 478, 479 (5th Cir. 1996) (*per curiam*) (citations omitted).

"Municipal liability cannot be predicated on a theory of *respondeat superior*. [Rather,] the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Mahoney v. City of Jackson*, 2008 WL 2990906, at * 2 (S.D. Miss. July 25, 2009) (quoting *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)). Moreover, in order to establish municipal liability, "Plaintiff must point to more than the actions of [the individual defendants], he must identify a policymaker with final policymaking authority...." *Id.* (quoting *Rivera*, 349 F.3d at 247; *Bowles v. Cheek*, 44 Fed. Appx. 651, at * 1 (5th Cir. June 5, 2002) (*per curiam*) (affirming summary judgment where Plaintiff failed to establish existence of policymaker whose official policy was moving force behind alleged violation); *Pietrowski v. City of Houston*, 237 F.3d 567, 578-79 (5th Cir. 2001) (noting that identification of policymaker who could be held responsible "is not an opaque requirement")).

Thus, in order to establish municipal liability, Plaintiff must prove the following three elements: 1) a policymaker; 2) an official policy; and 3) a violation of constitutional rights whose moving force is the policy or custom. *Mahoney*, 2008 WL 2990906, at * 2 (*citing Pietrowski*, 237 F.3d at 578). Petitioner has not made this showing. In his Complaint [1] and

Amended Complaint [21], Plaintiff merely states in a conclusory fashion that he is suing Defendants "[i]ndividually and in their respective official capacities." Plaintiff's Response to Defendants' Motion for Summary Judgment is no less conclusory, stating: "By suing the Defendants in their 'official' capacities...Plaintiff is alleging that, among other facts, the Defendants committed the violations of his Constitutional rights while acting in their official capacities." *See* Response [46] at 4. Nowhere does Plaintiff identify a policymaker who adopted any unconstitutional policy. Moreover, the only official policy mentioned by Plaintiff is the WCCF policy regarding use of force, a copy of which is attached to Defendants' Motion for Summary Judgment. *See* ecf. doc no. 39-3. However, Plaintiff does not raise any issues regarding that policy. Plaintiff does not allege that the policy was adopted with deliberate indifference, nor does Plaintiff allege that it caused the constitutional violations of which he complains. In addition, Plaintiff does not identify a policymaker who adopted this policy.

In his Response to Defendants' Motion for Summary Judgment, Plaintiff appears to be arguing - for the first time- that there was some type of custom or practice of violating or disregarding the official WCCF policy regarding use of force, and that this custom or practice somehow caused the alleged constitutional violations. *See* Response [46] at 5-6, 8-9. A plaintiff can establish a policy or custom through proof of "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Mahoney*, 2008 WL 2990906, at * 2 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). In order for a municipality to be liable for such a custom or practice, "[a]ctual or constructive knowledge of such custom must be attributable to the governing body of

5

the municipality or to an official to whom that body had delegated policy-making authority." *Id.* (quoting Webster, 735 F.2d at 841).

Plaintiff has neither alleged, nor made any showing, of a persistent and widespread practice or custom. And even assuming that Plaintiff has established the existence of a custom or practice, he has not shown that a policymaker (whoever that may be) had actual or constructive knowledge of the custom or practice. Moreover, in order to meet the third requirement for municipal liability - that the policy is the moving force behind the alleged constitutional violation - Plaintiff must establish "a direct causal connection...between the policy and the alleged constitutional deprivation. This connection must be more than a mere 'but for' coupling between cause and effect." *Mahoney*, 2008 WL 2990906, at * 5 (quoting *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 310 (5th Cir. 2004)). Indeed, "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id.* (quoting *Bryan County v. Brown*, 520 U.S. 397, 405 (1997)). Plaintiff has not made this showing. Plaintiff merely states in a conclusory fashion that the alleged custom "was the moving force behind the incident." See Response [46] at 10. However, in order to avoid summary judgment, "Plaintiff must show '"specific facts" showing a genuine factual issue for trial. Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argument' are not sufficient." *Id.* (citing *Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

It is clear that Plaintiff has failed to establish the existence of either an official policy or a custom or practice, to identify a policymaker, or to establish that any policy or custom was the moving force behind the constitutional violations he alleges occurred. Accordingly, Defendants

have established that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law on Plaintiff's claims against them in their official capacities.

IT IS , THEREFORE, ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [156] is granted, and that Plaintiff's claims against Defendants in their official capacities are dismissed with prejudice.  Plaintiff's claims against Defendants in their individual capacities will be set for trial via separate order.

SO ORDERED AND ADJUDGED on this the 3rd day of June, 2009.

s/ Michael T. Parker<br>United States Magistrate Judge