**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CHRISTOPHER GOLDEN**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO.: 5:08CV156-MTP**

**GABRIEL WALKER, ET AL.**　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

**ORDER**

This matter is before the court *sua sponte* for case management purposes, the parties having appeared before the undersigned at a pre-trial conference on August 17, 2009. At the pre-trial conference, the parties identified the documents they intend to offer into evidence at trial[1] and the witnesses whom they intend to call at trial.[2] Having reviewed the documents and the proposed testimony, and having considered the parties' objections thereto, the court hereby renders the following rulings:

**A. Plaintiff's Exhibits**

1. <u>Statements by Defendant Beauchamp (Golden 00005, 00139)</u>: These will be admitted into evidence without objection by Defendants.

2. <u>Statements by Theotis Malone (Golden 00021 and several un-numbered documents)</u>: Defendants' hearsay objection is sustained and these documents will not be admitted into evidence.[3] Plaintiff may call Mr. Malone to testify live at trial.

---

[1] For ease of reference, the court will identify exhibits by their bates numbers ("Golden ___"), where available.

[2] As directed by the court in its Order Setting Trial [55], the parties submitted exhibit and witness lists in advance of the pre-trial conference. As the proposed exhibits submitted by Plaintiff at the pre-trial conference differed from those listed on the exhibit list he filed of record, this list supercedes the exhibit lists previously filed by Plaintiff.

[3] This statement and others listed herein may be admitted for other purposes, such as impeachment. This ruling does not prohibit the parties from using the statements for those

3. <u>Statement by Thelma Turner (Golden 00019, 00133)</u>: Defendants' hearsay objection is sustained and these documents will not be admitted into evidence.

4. <u>Statements by Monica Cain (Golden 00149-00151)</u>: Defendants' hearsay objection is sustained and these documents will not be admitted into evidence.

5. <u>Statement by Lashonda Netterville (Golden 00018, 00127)</u>: This will be admitted into evidence without objection by Defendants.[4]

6. <u>Statements by Leticia Gaines (Golden 00011, 00126, 00134-00138)</u>: Defendants' hearsay objection is sustained and these documents will not be admitted into evidence.

7. <u>CCA Facility Support Center and Facility Policy (ecf. doc. no. 39-3 at 3-12)</u>: Defendants' relevancy and hearsay objections are overruled. Subject to Plaintiff properly authenticating this document at trial, it may be admitted into evidence.

<u>Photographs</u>:[5]

8-9. <u>Golden 00058, 00060</u>: Defendants interposed relevancy and authentication objections. The court reserves ruling on the admissibility of these documents.

10-14. <u>Golden 00052, 00061-00064</u>: These photographs are cumulative of Golden 00060 and will not be admitted into evidence.

15-18. <u>Golden 00050, 00051, 00053, 00056</u>: These will be admitted into evidence without objection by Defendants.

19. <u>Golden 00052</u>: This photograph is cumulative of Golden 00050, 00051, 00053 and/or 00056 and will not be admitted into evidence.

20. <u>Facility Emergency Anatomical Form (Golden 00038)</u>: This will be admitted into evidence without objection by Defendants.

---

purposes.

[4] This consists of a handwritten statement along with a typewritten copy. Additional copies of the same handwritten statement were offered by Plaintiff (Golden 00128-30); however, these are cumulative and will not be admitted into evidence.

[5] The following photographs were withdrawn by Plaintiff: Golden 00054, 00055, 00057, 00059, and 00065-00067.

21. Field Memorial Community Hospital ER Note (Golden 00049): This will be admitted into evidence without objection by Defendants.

22. Various rules (un-numbered): Defendants interposed relevancy, authentication and hearsay objections. The court reserves ruling on the admissibility of this document.

**B. Defendants' Exhibits**:[6]

1. Statement by LaShonda Netterville (Golden 00018, 00127): This will be admitted into evidence without objection by Plaintiff.

2. Rule Violation Reports (Golden 00030-00031): Plaintiff interposed an authentication objection. The court will reserve ruling on the admissibility of these documents.

3. Plaintiff's Medical Records (Golden 00035-00049): These will be admitted into evidence without objection by Plaintiff.

4. Photograph of Defendant Beauchamp (Golden 00066): This will be admitted into evidence without objection by Plaintiff.

5. Defendant Beauchamp's Medical Records (Golden 00078-00090): These will be admitted into evidence without objection by Plaintiff.

6. Plaintiff's Mental Health Records (Golden 00116-00125): These will be admitted into evidence without objection by Plaintiff.

7. Transitioning for Success, Unit 1AB & Unit 2CDE, 2008 (Golden 00154-00159): These will be admitted into evidence without objection by Plaintiff.

8. Incident videos (Golden 00160-00161): Defendants may introduce clips from these videos at trial, as Plaintiff has voiced no objection. Plaintiff was given an opportunity to view the videos at the pre-trial conference, but he declined to do so.

---

[6] Defendants withdrew the following exhibits: various witness statements (Golden 00001-00017, 00019-00029, 00126-00156), the Extraordinary Occurrence Report (Golden 00032-00033), the MDOC Detention Notice (Golden 00034) and Plaintiff's Medical Request Records (Golden 00092-00115). Defendants withdrew Plaintiff's photographs (Golden 00050-00064), except that they may use any photographs deemed admissible as set forth above. Defendants also withdrew Plaintiff's medical records (Golden 00068-00077), except for the Field Memorial Community Hospital ER Note, addressed above.

### C. Plaintiff's Witnesses[7]

<u>Leticia Gains</u>: May testify. By separate Order, the court shall issue a subpoena to compel Ms. Gains' attendance at trial.[8]

<u>Theotis Malone</u>: May testify. As Mr. Malone is in the custody of the Mississippi Department of Corrections, the court shall issue a writ of *habeas corpus ad testificandum* to compel Mr. Malone's appearance at trial.

<u>Monica Cain</u>: May testify. By separate Order, the court shall issue a subpoena to compel Ms. Cains' attendance at trial.

<u>Lisa Ramsey</u>: May testify. By separate Order, the court shall issue a subpoena to compel Ms. Ramsey's attendance at trial.

<u>Alicia Randall</u>: May not testify, as her testimony would be cumulative of other witnesses' testimony, as explained by Plaintiff at the pre-trial conference.

<u>Mental Health Director Dennis</u>: May testify. By separate Order, the court shall issue a subpoena to compel Mr. Dennis' attendance at trial.

<u>Sue Burkhalter</u>: May not testify, as her testimony would be cumulative of other witnesses' testimony. Plaintiff will call other witnesses (nurses or medical personnel) who have knowledge of his treatment.

<u>Richard Field</u>: May testify. It is Plaintiff's responsibility to procure Mr. Field's attendance at trial, if he desires to call this witness.

<u>A. Jones</u>: May testify. By separate Order, the court shall issue a subpoena to compel A. Jones' attendance at trial.

<u>James Hassel</u>: The court reserves ruling on whether his testimony will be allowed, as it appears to be cumulative.

<u>Defendants Walker, Jackson, Beauchamp and Walton</u>: May testify. The Defendants

---

[7] The following witnesses were withdrawn by Plaintiff: Jacquelyn Banks, Rodrack Lewis, Augusta Andrews, Lashonda Netterville and Deana Ferguson.

[8] Subpoenas will be issued for witnesses employed at the prison facility where Plaintiff was incarcerated or who may work for prison facilities operated by or under the direction of the Mississippi Department of Corrections. It is Plaintiff's responsibility to have any other witnesses present at trial.

are ordered to be available to testify at trial.

<u>Linda Golden</u>: The court reserves ruling on her testimony. If Plaintiff desires for Ms. Golden to testify, it is his responsibility to have her present at trial.

<u>Plaintiff Christopher Golden</u>: May testify.

**D. Defendants' Witnesses**[9]

<u>Defendants Walker, Jackson, Beauchamp and Walton</u>: May testify.

<u>Earnestine Jackson</u>: May testify.

<u>Monica Cain</u>: May testify.

<u>Thelma Turner</u>: May testify.

<u>Richard Randall</u>: May testify.

<u>James Hassell</u>: The court reserves ruling on his testimony.

<u>Emmitt Sparkman</u>: The court reserves ruling on his testimony which, apparently, will consist of opinion testimony.

<u>Erin Thomassie</u>: May testify.

IT IS, THEREFORE, ORDERED that the parties may offer such documents and testimony at trial as set forth herein.

SO ORDERED on this 18th day of August, 2009.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge

---

[9] The following witnesses were withdrawn by Defendants: Lashonda Netterville, Antoinette Jackson, Erica Perkins, Bryan Shuckrow and R.J. Field III, M.D.