IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHRISTOPHER GOLDEN                                                                           PLAINTIFF

V.                                                         CIVIL ACTION NO. 5:08cv156-MTP

GABRIEL WALKER, *et al.*                                                                  DEFENDANTS

consolidated with

CHRISTOPHER GOLDEN                                                                           PLAINTIFF

V.                                                     CIVIL ACTION NO. 5:08cv292-DCB-MTP

CHRISTOPHER EPPS, *et al.*                                                               DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

BEFORE THE COURT is the civil rights complaint of Plaintiff Christopher Golden filed pursuant to 42 U.S.C. § 1983 in Civil Action No. 5:08cv292. Plaintiff is proceeding *pro se* and *in forma pauperis*. Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

1

Having reviewed the allegations made by Plaintiff in his Complaint [1], clarified by his testimony at an omnibus hearing held on October 1, 2009 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),[1] having considered applicable law and being fully advised in the premises, the court finds that Plaintiff's claims against Defendants in Civil Action 5:08cv292 should be dismissed with prejudice.[2]

## Factual Background

Plaintiff Christopher Golden filed suit *pro se* on September 30, 2008, pursuant to 42 U.S.C. § 1983, against Defendants Christopher Epps, Commissioner of the Mississippi Department of Corrections (MDOC) and Jacquelyn Banks, Warden of Wilkinson County Correctional Facility (WCCF),[3] in both their individual and official capactiies. The claims in Plaintiff's Complaint [1] were clarified by his sworn testimony at an omnibus hearing held on October 1, 2009. Plaintiff alleges that on or about November 9, 2007, he was assaulted by several officers at WCCF.[4] Plaintiff has sued Mr. Epps and Warden Banks for failing to properly train the officers or discipline them for allegedly violating the MDOC's Use of Force Policy.

At the *Spears* hearing, Plaintiff explained that he was suing both Mr. Epps and Ms. Banks

---

[1] Claims and allegations made at a *Spears* hearing supersede claims alleged in the complaint. *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987); *see also Hurns v. Parker*, 1998 WL 870696, at * 1 (5th Cir. Dec. 2, 1998).

[2] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [24], the court is authorized to enter final judgment pursuant to 28 U.S.C. § 636 (c)(1), Fed. R. Civ. P. 73 and Local Rule 73.1.

[3] Plaintiff is currently incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi.

[4] Plaintiff's claim of excessive force against those officers is the subject of the other consolidated lawsuit (Civil Action No. 5:08cv156).

in their "supervisory capacity." When asked to explain the factual basis for his allegations, Plaintiff responded that the fact that improper force was used on him "implies" that the officers were not properly trained, supervised or disciplined. Plaintiff also stated that the reason he sued Mr. Epps and Warden Banks was because he filed a prison grievance regarding the alleged assault through the Administrative Remedy Program (ARP), but they did not do anything.[5] Plaintiff conceded that neither Banks nor Epps were present during the alleged incident, and that his only personal contact with either of them was through the ARP.

## Analysis

As noted *supra*, Plaintiff explicitly stated at the *Spears* hearing that the reason he was suing Defendants Banks and Epps was because they are supervisors. He conceded that neither Defendant was personally involved in the alleged altercation. Accordingly, this does not create a basis for liability, as it is is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted); *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (*citing Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)) ("To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the

---

[5] In his Complaint, Plaintiff alleges that Banks denied him relief during the ARP despite evidence which, according to Plaintiff, "overwhelmingly proved the use of excessive force." *See* Complaint at 6-7. Epps then denied Plaintiff relief on his Third Step Response, finding that Plaintiff's allegation of excessive force "could not be substantiated." *See id.* at 7, 14. Plaintiff claims that Defendants' denial of relief resulted from their failure to "fully and fairly investigate" his grievance. *See id.* at 7.

personal involvement of each defendant.").

Nor is the fact that Defendants denied Plaintiff relief through the ARP a basis upon which to impose liability. *See Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004) (holding that prison supervisory officials "reasonab[ly] discharge[d]...their duty to protect the inmates in their care" where they "responded to [plaintiff's] complaints by referring the matter for further investigation or taking similar administrative steps."); *Mosley v. Thornton*, 2005 WL 1645781, at * 5 (E.D. La. June 20, 2005) ("Plaintiff merely alleges that the Warden was responsible for Thornton and the medical department and that he responded to plaintiff's appeal...However, the fact that the Sheriff responded to plaintiff's appeal is insufficient to support a constitutional claim against the Sheriff."); *Jones v. Livingston*, 2005 WL 3618316, at * 3 (S.D. Tex. Jan. 6, 2005) (holding that failure to provide adequate medical care claim asserted against supervisory prison official should be dismissed because "the fact that he did not respond to, or denied, plaintiff's grievances does not, alone, state a claim..."); *Anderson v. Pratt*, 2002 WL 1159980, at * 3 (N.D. Tex. May 29, 2002) (Warden's review and denial of grievance did not show personal involvement in deprivation of constitutional rights); *Alexander v. Fed'l Bureau of Prisons*, 227 F.Supp. 2d 657, 665-66 (E.D. Ky. 2002) (Warden's signing an administrative remedy response prepared by staff did not establish constitutional violation); *Lamkey v. Roth*, 1997 WL 89125, at * 5 (N.D. Ill. Feb. 26, 1997) (Warden's signing of grievance report "concurring in the grievance officer's finding" insufficient to establish personal involvement).

As for Plaintiff's claims against Defendants in their official capacities, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987)

4

(citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Specifically, a plaintiff must show the existence of a policy, practice or custom "adopted or maintained with objective deliberate indifference to [his] constitutional rights," and he must show that such policy proximately caused the constitutional deprivation of which he complains. *See Grobowski v. Jackson Cty. Public Defenders Office*, 79 F.3d 478, 479 (5th Cir. 1996) (*per curiam*) (citations omitted).

Plaintiff has failed to make this showing. He has failed to allege - much less establish - that there was any policy in place that was adopted or maintained with deliberate indifference to his constitutional rights, or that any policy was the moving force behind the alleged incident of excessive force. Thus, Plaintiff's claims against Defendants in their official capacities should be dismissed as well.

IT IS , THEREFORE, ORDERED AND ADJUDGED that Plaintiff's claims against Defendants in Civil Action No. 5:08cv292 are dismissed with prejudice. A separate judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED on this the 21st day of October, 2009.

s/ Michael T. Parker
United States Magistrate Judge